DUNNING, Appellant, vs. LEDERER, STRAUSS & Co., INC., Respondent.

*November 14—December 5, 1916.*

*Master and servant: Contract of employment: By the week or season?*
*Modification: Custom: Discharge for cause: Changing findings*
*of jury.*

1. A contract whereby defendant employed plaintiff by the week,
   with a provision for a yearly employment in case her services
   proved satisfactory, is *held* to have been closed by correspond-
   ence between the parties, and a subsequent letter from defend-
   ant to plaintiff, referring to "your acceptance of our proposition
   to manage one of our departments for the coming season," did
   not modify the contract but referred merely to management un-
   der the contract, the term of service to commence at the begin-
   ning of the coming season.
2. The contract being express, the custom as to employment for the
   season was immaterial.
3. Findings by the jury that defendant was not in good faith dissat-
   isfied with plaintiff's services and did not discharge her for that
   cause are *held*, upon the undisputed evidence, to have been prop-
   erly changed by the trial court.

APPEAL from a judgment of the circuit court for La Crosse
county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

This action was brought to recover wages claimed to be due
plaintiff upon a six-months term of employment. Before the
expiration of the six months plaintiff was discharged and she'
claims that such discharge was wrongful and that she is en-
titled to recover $398, balance due for said term, less the
amount which she was able to earn. The defense is that
there was a weekly employment, and further that defendant.
had a right to discharge plaintiff at any time her services did
not prove satisfactory. The jury returned the following ver-
dict:

"(1) Was the defendant honestly and in good faith dissat-
isfied with the services of the plaintiff? *A.* No.

"(2) If you answer question number 1 'Yes,' then did the

defendant discharge the plaintiff because of such dissatisfaction? *A.* ——.

"(3) Has the term 'season' a definite, recognized meaning in the millinery trade as applied to a manager? *A.* Yes.

"(4) What length of time is understood to be meant by the term 'season' in the millinery business as applied to a manager? *A.* Six months."

Plaintiff moved for judgment on the verdict and defendant moved that the answers be changed. The court ordered that the answer to question number 1 be changed from "No" to "Yes," and question number 2 was answered by the court "Yes."

Judgment was rendered dismissing the plaintiff's complaint on the merits, with costs, from which this appeal was taken.

For the appellant there was a brief by *Baldwin & Bosshard,* and oral argument by *C. L. Baldwin.*

For the respondent there was a brief by *Lees & Bunge,* and oral argument by *George W. Bunge.*

KERWIN, J. The question involved upon this appeal turns upon the contract of employment made between the plaintiff and defendant. This contract was made by correspondence and the facts upon which it rests are embraced in five letters as follows:

"Des Moines, Iowa.
*"Mrs. Nelle Dunning,*                    January 7, 1915.
        "Kansas City, Kans.

"Dear Mrs. Dunning: In answer to your communication of the 4th we have decided to employ you to manage one of our departments at a salary of $25 per week.

"We shall want you to start work about February first, but at the present time it is uncertain as to just where we will place you. In all probability it will be La Crosse, Wisconsin, the position Mr. Benninger told you about when he talked with you in Kansas City.

"We shall be able to advise you definitely about this within

a few days. In the meantime, please forward your acceptance of our proposition.

"Awaiting your reply, we remain,

　　　　　　　　　　　　　　　"Very truly yours,

"LS. MD.　　　　　LEDERER, STRAUSS & Co., INC."

"*Lederer, Strauss & Co.*　　　　　January 10, 1915.

"Gentlemen: I will accept your offer as manager of one of your departments at $25 per week. A year-round position with a four weeks' vacation summer and winter and of course my fare from K. C.　　　　　Very truly,

"1615 Reynolds Ave.,　　　　　MRS. NELLE R. DUNNING.

　　　"Kansas City, Kans.

"Will be glad to know where you intend to place me as soon as possible."

"*Mrs. Nelle Dunning,*　　　　　Des Moines, Iowa.

　　　"Kansas City, Kans.

"Dear Mrs. Dunning: Your communication of the 10th is at hand, and in reply beg to state that in the event your services prove satisfactory, you can expect steady employment by the year.

"As regards vacation, it is our custom to give our managers one week each season with pay. Should you desire a longer vacation, of course, this could be arranged, but it would have to be taken on your own time.

"Your railroad fare will be paid on all business trips.

"We trust that this arrangement will be satisfactory to you, and kindly ask you to advise us immediately if you will accept our proposition.

"Awaiting your reply, we remain,

　　　　　　　　　　　　　　　"Very truly yours,

"LS. MD.　　　　　LEDERER, STRAUSS & Co., INC."

"*Lederer, Strauss & Co.*　　　　　Jan. 12, 1915.

"Gentlemen: Your letter of the 12th is at hand, and in reply will say that I accept your proposition, and hold myself in readiness to come when you send for me.

"However, I will be very glad to know as soon as possible where I am going, and when.

　　　　　　　　"Very truly, MRS. NELLE R. DUNNING.

"1615 Reynolds Ave.

　　　"Kansas City, Kans."

"Des Moines, Iowa.

*"Mrs. Nelle Dunning,*                        January 13, 1915.

"Kansas City, Kans.

"Dear Mrs. Dunning: We have your communication of the 12th and note your acceptance of our proposition to manage one of our departments for the coming season.

"We shall let you know as soon as possible where we shall place you.                        Very truly yours,

"LS. MD.                   LEDERER, STRAUSS & Co., INC."

It is obvious that the plaintiff's letter written on January 12th and referring to "letter of the 12th" is an error and should read "Your letter of the 11th," as it is plain this letter of January 12, 1915, was in reply to defendant's letter of January 11, 1915.   We think this correspondence made a contract of employment by the week with a provision for a yearly employment in case plaintiff's services proved satisfactory.   It is perfectly clear that plaintiff's letter of January 12th amounted to an acceptance of the proposition made in defendant's letter of January 11th, and the only question is whether the defendant's letter of January 13th, wherein it refers to management of "departments for the coming season," amounted to a contract with plaintiff for the season or for any time other than a weekly employment.   The court is of opinion that plaintiff's letter of January 12th closed the contract, and that the reference in defendant's letter of January 13th to the "coming season" simply meant to manage the business under the contract, the term of service to commence at the beginning of the coming season.   This is clear from the correspondence referred to as well as the defendant's evidence on the trial.

In reply to a question put by the court to the secretary of defendant as to what was meant in the letter where the words referred to were used, he testified that he simply meant that plaintiff should report at the opening of the coming season. Since the contract was closed by the plaintiff's letter of January 12th, we think it clear that the defendant's letter of January 13th did not modify it.

The only remaining question is whether the defendant acted in good faith in discharging plaintiff. Upon this question we think the evidence is undisputed, and that the court below was right in changing the answer of the jury to the first question from "No" to "Yes" and in answering the second question "Yes."

Something is said by counsel for appellant in regard to the custom of employment for the season, but there is no question of custom here. The contract was an express contract. *Francis H. Leggett & Co. v. West Salem C. Co.* 155 Wis. 462, 144 N. W. 969. It follows that the judgment of the court below is right and must be affirmed.

*By the Court.*—Judgment affirmed.